# NO. 12-18-00319-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DWIGHT GLEN GRAVES,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
## *PER CURIAM*

Dwight Glen Graves appeals his conviction for assault family violence with a previous conviction. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was indicted for the third-degree felony offense of assault family violence with a previous conviction.[1] However, the State also alleged in the indictment that Appellant had a prior felony conviction for obstruction or retaliation, enhancing the punishment level to that of a second-degree felony.[2] Appellant pleaded "not guilty" to the offense.

At the ensuing jury trial, Smith County Sheriff's Department Deputy Tony Rucker testified that he received a 9-1-1 call for an assault at a residence owned by Appellant's mother. When Deputy Rucker arrived at the scene, he encountered Appellant, who was intoxicated, had an

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(A) (West Supp. 2019).

[2] *See* TEX. PENAL CODE ANN. §§ 12.42(a) (West 2019), 36.06 (West 2016).

agitated demeanor, and had blood dripping from his mouth. During his investigation, Deputy Rucker learned that Appellant lived at the home, along with his mother, niece, and nephew. Appellant had been drinking liquor throughout the day. Appellant's mother, the victim, also consumed a couple of alcoholic beverages prior to this incident.

Deputy Rucker interviewed Appellant, along with his mother, nephew, and niece. He learned that Appellant initially became upset when a dog urinated on the floor. Appellant subsequently had an argument with his sister, who lived next door but spent the evening at her mother's home visiting the family. Appellant's fourteen year old nephew, who was in his bedroom, became concerned about the shouting. Consequently, he entered the living room and asked them to cease their argument. Appellant aggressively approached his nephew and the two began arguing. According to Appellant's nephew, the argument briefly subsided. Shortly thereafter, Appellant became aggressive again and told his nephew that the pair would fight when he turned eighteen years old. The argument further escalated and they both began shouting at each other while standing face to face. Appellant's mother became concerned, interjected herself between them, and pushed Appellant away in an effort to prevent further escalation into a physical fight. Whether due to Appellant's intoxicated state or the aggressiveness of his mother's shoves, Appellant stumbled backward.

Appellant then grabbed or struck his mother's arms near her wrist in an aggressive manner. Appellant's mother recently had surgery on one of her arms, but Deputy Rucker observed bruises on both arms near her wrists where Appellant struck her. The bruises appeared to be unrelated to her surgery. Appellant knew that she had surgery and was accordingly vulnerable to injury. During the fracas, Appellant's mother fell. Enraged, the nephew punched Appellant in the mouth. Appellant never struck his nephew. When Deputy Rucker interviewed Appellant's mother, she repeatedly grabbed at her wrists as if she was injured. When the deputy asked, she confirmed that she had pain in her arms due to the strikes. Deputy Rucker explained that he arrested Appellant for assault family violence, but chose not to arrest Appellant's mother or nephew.

After the close of evidence, Appellant successfully obtained inclusion of a self-defense instruction in the jury charge. The jury, after weighing the evidence, found Appellant guilty of the offense. At the punishment hearing, Appellant pleaded "true" to the enhancement allegation, and

after hearing evidence, the jury sentenced Appellant to ten years of imprisonment. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's appellate counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel relates that he reviewed the record and found no reversible error or jurisdictional defect. In compliance with *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), counsel's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[3]

We considered counsel's brief and conducted our own independent review of the record. *Id.* at 811. We found no reversible error.

## CONCLUSION

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so, we agree with counsel that the appeal is wholly frivolous. Accordingly, we *grant* Appellant's counsel's motion for leave to withdraw and *affirm* the trial court's judgment. Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that the last timely motion for rehearing is overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for

---

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired, and no pro se brief has been filed.

discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered March 25, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 25, 2020**

**NO. 12-18-00319-CR**

**DWIGHT GLEN GRAVES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0459-18)

---

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*